Cynthia SCHULLER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9305–CR–218.

Court of Appeals of Indiana, Second District.

Dec. 14, 1993.

.Timothy J. Burns, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Cynthia Schuller appeals her conviction of possession of a controlled substance,[1] a class D felony. We affirm.

### ISSUES

1. Did the trial court err in admitting evidence of a telephone call received by Dr. Winckelbach?

2. Is the evidence sufficient to support Schuller's conviction?

### FACTS [2]

On Wednesday, August 26, 1992, Dr. Winckelbach, a podiatrist, received a message from his answering service that a patient named Cynthia Schuller had called him with an emergency. Dr. Winckelbach called the number the service gave him and spoke to a woman who identified herself as Schuller, and who told him that she had injured her foot at work and was in a great deal of pain. The woman said that he had seen her the previous March for another injury and that she had an appointment for her present injury on Friday, two days later. When Dr. Winckelbach told her that he did not have appointments on Friday,

---

1. *See* IC 35–48–4–7 (1988).

2. Schuller's statement of facts does not comply with Ind.Appellate Rule 8.3(A)(5); instead, it consists of a description of each witness's trial testimony. This court has stated repeatedly that our appellate rules contemplate a narrative statement of facts, and a summary of witness testimony is not acceptable under App.R. 8.3(A)(5). *See, e.g., Miller v. State* (1983), Ind. App., 449 N.E.2d 1119, 1120.

she said that her appointment was on August 27th, which was Thursday. The woman asked Dr. Winckelbach to telephone a prescription for pain medicine. He suggested one medication; she asked specifically for Cogesic, a schedule III narcotic. Dr. Winckelbach agreed, and telephoned a prescription for six tablets of Cogesic, a twenty-four hour dosage. Schuller went to the pharmacy, presented a Medicaid card with her name on it, and took the Cogesic with her.

On Thursday morning Dr. Winckelbach looked but did not find Schuller's name on his patient schedule. He then checked his patient charts for the last ten years and failed to find any record for Schuller. He called the police.

Schuller was arrested and charged with obtaining a controlled substance by fraud or deceit and possession of a controlled substance. After a bench trial, she was convicted of the latter charge.

## DISCUSSION

### I.

Schuller argues the trial court erred in allowing Dr. Winckelbach to testify regarding the contents of the telephone conversation between him and the woman because it was inadmissible hearsay.

■ "Hearsay is an out-of-court statement offered to prove the truth of the facts asserted therein and thus rests on the credibility of a declarant who is not in court and is unavailable for cross-examination." *King v. State* (1990), Ind., 560 N.E.2d 491, 495. Dr. Winckelbach's testimony reciting the telephone conversation with the woman is not hearsay because it was not admitted to prove the truth of the statements, but only that the statements were made.

The purpose of these statements is analogous to that of statements to which the defendants unsuccessfully objected on hearsay grounds in *United States v. Feldman* (1987), 7th Cir., 825 F.2d 124. In *Feldman* the government introduced evidence from a number of investors of statements made to them by salesmen concerning the nature of a business, the terms and conditions of buying and selling, and the salesmen's advice respecting their investments. The court of appeals affirmed the trial court's ruling because the statements were not hearsay; they were not offered in evidence to prove the truth of the assertions in the statement. "Far from offering the statements for their truth, the government sought to show their falsity through independent evidence." *Id.* at 127. Here, too, the point of Dr. Winckelbach's testimony was to establish that Schuller made the call and, thereafter, to establish that the assertions she made in the call were false, that is that Schuller lied to Dr. Winckelbach to obtain the prescription. Thus, the issue was whether the caller made the assertions about which Dr. Winckelbach testified and that determination depended only upon the credibility of Dr. Winckelbach, who was available for cross-examination at trial. Dr. Winckelbach's testimony regarding the caller's statement is not hearsay. *See also Kindred v. State* (1988), Ind., 524 N.E.2d 279 (perjury prosecution; application for driver's license in false name admissible to show false statement was made.).

■ Schuller further argues that the contents of the telephone conversation should have been excluded because the State failed to prove that Schuller was the caller. A caller's identity must be established as a foundational requirement for the admission of the content of a telephone call. *See id.* at 494. However, "[t]he identity of the caller need not be proved beyond a reasonable doubt; identity of the declarant may be established by circumstantial evidence; and conflicts in the proof of the identity go to the weight of the evidence and not the admissibility." *Id.* at 494–95 (citations omitted).

■ Here, the evidence is that a woman called Dr. Winckelbach, identified herself as Cynthia Schuller, and asked Dr. Winckelbach to call a prescription for her for pain medicine to a particular Hook's drug store. Schuller went to that particular Hook's, asked for her prescription called by Dr. Winckelbach, presented a Medicaid card

with her name on it, and took the medication with her. This evidence is sufficient for a fact finder to have reasonably concluded the caller was Schuller. The order in which the evidence was presented is of no consequence. *Kelley v. State* (1989), Ind.App., 541 N.E.2d 309, 314, *trans. denied* (citations omitted) ("Subsequent testimony which establishes a proper foundation for an exhibit renders harmless any error in admission.").

The trial court did not err in admitting evidence of the contents of the telephone conversation between Schuller and Dr. Winckelbach.

## II.

Schuller also argues the evidence is insufficient to support her conviction.

■ Schuller was convicted under IC 35–48–4–7 (1988) which provides:

> A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses a controlled substance (pure or adulterated) classified in Schedule I, II, III, or IV, except marijuana or hashish, commits possession of a controlled substance, a class D felony.

Under this statute, the State must prove that the defendant knowingly or intentionally possessed a controlled substance. The existence of a valid prescription for that substance is a defense to the offense of possession which the defendant has the burden of proving by a preponderance of the evidence. *Burgin v. State* (1982), Ind. App., 431 N.E.2d 864, 866.

■ Schuller argues the record establishes that she had a valid prescription from Dr. Winckelbach for Cogesic. The courts of this state have never addressed the question of the composition of a "valid prescription" under the possession statute. However, other states that have addressed the issue define "valid prescription" as "one lawfully procured from a physician in the course of the treatment of a patient's illness," *State v. Tolbert* (1977), 269 S.C. 210, 237 S.E.2d 55, 56, or, similarly, as one

"issued by a licensed practitioner, acting in good faith and in accord with accepted medical standards...." *State v. Sanderson* (1977), Tenn., 550 S.W.2d 236, 238. In *Sanderson*, the court held that a prescription obtained by fraud, deception, or misrepresentation is not a valid prescription, reasoning that "we do not believe the legislature had any intention of placing a protective cloak around anyone who procures a prescription with no intent to deliver it to the ultimate consumer or who procures it by fraud, misrepresentation or deceit." *Sanderson*, 550 S.W.2d at 238; *see also Tolbert*, 237 S.E.2d at 56 (prescription obtained by deception or subterfuge is not "valid").

These cases are persuasive. Here, the evidence established that Schuller obtained a prescription by fraud, that is, by falsely representing to Dr. Winckelbach that she had been his patient the preceding March and that she had an appointment with him the following day. Hence the fact finder properly concluded that the prescription Schuller obtained from Dr. Winckelbach was not valid.

Judgment affirmed.

FRIEDLANDER and SULLIVAN, JJ., concur.