**Allen LOMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–9403–CR–121.**

Court of Appeals of Indiana,
Fourth District.

Sept. 29, 1994.

Timothy J. Burns, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

RILEY, Judge.

Defendant–Appellant Allen Loman appeals his convictions of two class D felonies: obtaining a controlled substance by fraud or deceit [1] and possession of a controlled substance.[2]

We affirm Loman's conviction of obtaining a controlled substance but order his conviction of possession vacated.

*ISSUES*

Loman raises two issues for our review:

1. Did the trial court err by admitting telephone conversations into evidence?

2. Is the evidence sufficient to support Loman's convictions?

We raise an additional issue *sua sponte:*

1. Do Loman's convictions for possession of a controlled substance and obtaining a controlled substance violate the statutory prohibition against multiple punishments for the same offense?

---

1. *See* Ind.Code 35–48–4–14(c) (1993).

2. *See* I.C. 35–48–4–7 (1993).

## FACTS

On the evening of October 31, 1992, Dr. Jeffrey Hockema, an oral and maxilla facial surgeon, received a telephone call from his answering service advising him of an emergency call from a person who identified himself as Allen Loman. Dr. Hockema dialed the number given to him by the service and spoke to a man who identified himself as Allen Loman.

The man stated that he was a patient of Dr. Buttrum, one of Dr. Hockema's two partners, and recently had a wisdom tooth removed. He complained of a new toothache and said he was in pain. He asked Dr. Hockema for something to "get him by" until he could come into the office. (R. 98–99.)

Dr. Hockema offered to call in a prescription for an antibiotic and the non-narcotic pain reliever Motrin. When the man said that Motrin upset his stomach, Dr. Hockema agreed to prescribe Darvocet, a schedule IV narcotic. The man told Dr. Hockema that he wanted to pick up the prescription at a specific pharmacy and wanted the doctor to phone in the prescription to the pharmacy.

Amy Snow, the pharmacist on duty at the pharmacy, filled the prescription for Darvocet with its generic equivalent propoxyphene napsylate. Loman picked up the prescription that had been called in by Dr. Hockema.

A week later, after receiving a similar emergency call from the man who identified himself as Allen Loman, Dr. Hockema checked the patient files of the partnership and found that there was no record that an Allen Loman was treated by any member of the partnership.

Loman was charged by information and after a jury trial, was found guilty as to both counts from which he now appeals.

## DISCUSSION

### I.

■ Loman contends that the trial court erred by admitting the substance of the telephone conversation between Dr. Hockema and the man who identified himself as Allen Loman because the contents of the call were inadmissible hearsay. We do not agree.

Loman concedes that we decided a similar issue in *Schuller v. State* (1993), Ind.App., 625 N.E.2d 1243, and, indeed, although *Schuller* is not controlling in the present case, the record before us corresponds so closely to *Schuller* that we are compelled to follow the reasoning of that case.

Loman argues that *Schuller* is distinguishable because in that case the caller specifically asked for a particular narcotic which the doctor agreed to prescribe and Loman only requested that Dr. Hockema "give him something to get by." (R. 98). This argument is without merit because whether or not the caller asked for a specific narcotic has no effect on the admissibility of the telephone call as evidence.

The trial court did not err in admitting the contents of the telephone call between Dr. Hockema and Loman.

### II.

Loman also challenges the sufficiency of the evidence asserting that there is no connection between the prescription for Darvocet called in by Dr. Hockema and propoxyphene napsylate which was named in the charging information.

We will affirm the conviction of a trial court if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Kidd v. State* (1988), Ind., 530 N.E.2d 287, 287, *reh'g denied.*

■ Dr. Hockema phoned in a prescription for Darvocet, a schedule IV controlled substance, for Loman. Snow, the pharmacist who received the doctor's call, filled the prescription with propoxyphene napsylate, the generic equivalent of Darvocet and a schedule IV controlled substance. There is sufficient connection between the propoxyphene napsylate and the Darvocet to support the jury's verdict.

### III.

■ Lastly, we raise *sua sponte* whether the trial court could enter judgment for both

possession of a controlled substance without a valid prescription and obtaining a controlled substance by fraud or deceit under the facts of this case. We find that the trial court erred in entering judgments on both counts not merely because they arise from the same operative facts, but because the two offenses are not distinct for double jeopardy purposes. *Mudd v. State* (1985), Ind.App., 483 N.E.2d 782, 785.

Under *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the focus of our double jeopardy inquiry is whether each offense requires proof of an additional element which the other does not. *Id.* at 304, 52 S.Ct. at 182. Consistent with this standard, I.C. 35–38–1–6 precludes a judgment of conviction and sentence on an included offense. An included offense is defined as one which is established by proof of the same material elements or less than all the material elements required to prove the charged offense. I.C. 35–38–1–6.

Loman was charged pursuant to I.C. 35–48–4–7(a), which provides, in relevant part:

A person, who without a valid prescription ..., knowingly or intentionally possesses a controlled substance ... classified in Schedule I, II, III, or IV ... commits possession of a controlled substance.

Under this statute, the State proved that Loman knowingly or intentionally possessed propoxyphene napsylate and did not have a valid prescription from Dr. Hockema. *See Schuller,* 625 N.E.2d at 1246.

He was also charged pursuant to I.C. 35–48–4–14(c), which provides, in relevant part:

A person, who knowingly or intentionally acquires possession of a controlled substance by misrepresentation, fraud, forgery, deception, subterfuge, alteration of·a prescription ... commits a class D felony.

Under this statute, the State proved that Loman knowingly or intentionally acquired propoxyphene napsylate by fraud or deceit, in this case, through use of an invalid prescription. *Schuller,* 625 N.E.2d at 1246 (prescription is invalid when defendant falsely represents to doctor that she is his patient in order to obtain prescription).

The proof required to establish that Loman obtained the narcotic by fraud or deceit establishes possession without a valid prescription as well; one cannot knowingly or intentionally acquire possession of a controlled substance by fraud or deceit by use of an invalid prescription without also possessing it without a valid prescription. Accordingly, we must reverse Loman's conviction for the lesser included offense of possession of a narcotic without a valid prescription.

Cause remanded with instructions to vacate the conviction for possession, after which the judgment is affirmed.

KIRSCH, J., and RATLIFF, Sr. J. Concur.