**Chad LEETH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 40A01–0610–CR–434.

Court of Appeals of Indiana.

June 14, 2007.

Bradley Kage, North Vernon, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Barbara A. Nardi, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Chad Leeth appeals the trial court's denial of his petition to convert his conviction for Class D felony operating a motor vehicle with a blood alcohol content greater than 0.08 to a Class A misdemeanor following the completion of his probation. We reverse and remand.

### Issue

Leeth raises two issues on appeal, which we consolidate and restate as whether the trial court erroneously denied his petition to convert his conviction for a Class D felony to a Class A misdemeanor.

### Facts

On April 20, 2004, Leeth was charged with Class D felony operating a motor vehicle with a blood alcohol content greater than 0.08 with a previous conviction of operating while intoxicated ("Count I"), Class A misdemeanor operating a motor vehicle with a suspended license ("Count II"), and Class C misdemeanor operating a motor vehicle with a blood alcohol content greater than 0.08 ("Count III"). Leeth pled guilty to Counts I and III pursuant to a plea agreement. The plea agreement provided that Count II would be dismissed and the State would recommend modification of his conviction for Class D felony to a Class A misdemeanor if he successfully completed probation. The trial court ac-

cepted the plea agreement and entered a single judgment of conviction for a Class D felony under Counts I and III.[1] The court sentenced Leeth to eighteen months suspended, with one year of probation. The order of judgment provided nine conditions of probation that Leeth was required to satisfy, which included paying various fees and fines, completing community service, and refraining from drinking alcohol or taking illegal drugs during the probation period. The order also provided that "the Defendant may petition the Court to have Judgment entered as a Class A Misdemeanor, upon successful completion of Probation with no violations or Petitions To Revoke filed." App. p. 10.

Leeth's probation ended on June 10, 2005, and the probation officer filed a discharge stating that Leeth had satisfactorily completed probation. The State never filed a petition to revoke his probation. Leeth petitioned the trial court to modify his conviction from a Class D felony to a Class A misdemeanor on June 23, 2006, as provided in the order of judgment. Approximately one year after Leeth's probation period had ended, on June 7, 2006, he was charged with several drug-related offenses, which were pending at the time of the hearing on his petition. At the hearing, Leeth testified that he did not violate the terms of his probation, and he had not used alcohol or illegal drugs during the time of his probation. He also testified that he drank alcohol once on his birthday after his probation period had ended and that he had occasionally used marijuana in high school, prior to committing the instant offense. Leeth had one drug test administered during his probation, which he passed. The trial court denied Leeth's petition to modify his conviction. Leeth now appeals.

## Analysis

■ Leeth asserts that he satisfied all of the conditions required in the judgment order, and the trial court accordingly should have modified his conviction to a Class A misdemeanor. Both parties rely upon Indiana Code Section 35–50–2–7(b) in their analyses. This statute provides for Alternative Misdemeanor Sentencing ("AMS"). Under certain circumstances, "if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly." *Id.* This case does not directly turn upon AMS, however. Leeth is not attempting to obtain a judgment of conviction and a sentence as a Class A misdemeanant. Leeth has already been convicted and sentenced for a Class D felony. Upon the completion of his sentence, Leeth is now seeking to have the conviction converted to a misdemeanor pursuant to a judgment order that expressly provided for such a modification. Although neither party cites it, Indiana Code section 35–38–1–1.5 explicitly governs this situation.

■ Whether Leeth is entitled to a modification of conviction is a matter of statutory interpretation. A question of statutory interpretation is a matter of law to be determined de novo. *Maynard v. State*, 859 N.E.2d 1272, 1274 (Ind.2007), *trans. denied.* We are not bound by a trial court's legal interpretation of a statute and need not give it deference. *Id.* We independently determine the statute's meaning and apply it to the facts before us, using the express language of the statute and following the rules of statutory construction. *Id.* Where the language of the statute is clear and unambiguous, there is nothing to construe; however,

1. Leeth did not provide us with a record of the proceedings at the guilty plea or sentencing hearing, but it appears that the trial court merged Counts I and III.

where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. *Id.* The legislature is presumed to have intended the language to be applied logically and not to bring about an unjust or absurd result. *Id.*

Section 35–38–1–1.5(a) provides that "[a] court may enter judgment as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor within three (3) years if the person fulfills certain conditions." The court may exercise this option "only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under IC 35–50–2–7, and the following conditions are met...." *Id.* Therefore, a court may choose to enter a judgment of Class D felony and provide for the modification of the conviction to a Class A misdemeanor if: (1) the AMS requirements of Indiana Code Section 35–50–2–7 are satisfied; and (2) the additional conditions listed in Indiana Code Section 35–38–1–1.5(a) and (b) are also satisfied.

Section 35–50–2–7 provides that a trial court may enter a judgment of conviction for a Class D felony as a Class A misdemeanor unless the defendant has committed a prior unrelated felony for which judgment was entered as a misdemeanor or the offense is one of domestic battery or possession of child pornography. Leeth satisfies the first requirement of Indiana Code Section 35–38–1–1.5(a) because he pled guilty to a Class D felony, he has not committed a prior felony that was reduced to a misdemeanor, and the offense was not one of domestic battery or possession of child pornography.

The second requirement of Section 35–38–1–1.5(a) provides that for a judgment of conviction as a Class D felony to be entered with the express provision that it will be converted to a conviction as a Class A misdemeanor, the "following conditions" must also be met: "(1) The prosecuting attorney consents. (2) The person agrees to the conditions set by the court." Section 35–38–1–1.5(b) then provides additional requirements: "For a judgment of conviction to be entered under subsection (a), the court, the prosecuting attorney, and the person must all agree to the conditions set by the court under subsection (a)." We conclude that each of these requirements has been met. We have evidence that the prosecuting attorney consented to the proposed modification of the conviction because the plea agreement contained the notation, "A Misd. if successfully complete probation." App. p. 6. We also have evidence that the prosecuting attorney agreed to the nine conditions in the order of judgment because the conditions set by the court are nearly identical to the recommendations submitted in the plea agreement.[2] We have evidence that Leeth agreed to the conditions because he signed the plea agreement. Finally, the court agreed to the proposed conditions because it implemented them in the judgment of conviction.

We conclude that the trial court properly determined that Leeth was an appropriate candidate for modification of his felony conviction to a Class A misdemeanor. Upon the trial court's decision to enter judgment of conviction for a Class D felony with the express provision permitting conversion of the conviction to a Class A misdemeanor, the statute sets forth guidance for the court in determining whether

---

**2.** The court added two minor provisions that were not found in the plea agreement: "the Defendant shall have all monies paid within Ten (10) Months" and the community service rate must be "of at least Two (2) Days per month." App. p. 9.

to modify the conviction after the set period of time has expired.

■ Indiana Code Section 35–38–1–1.5(c) provides that "the court *may not* convert a judgment of conviction entered as a Class D felony to a Class A misdemeanor if the person commits a new offense before the conditions set by the court under subsection (a) expire." (emphasis added). The judgment order for Leeth's conviction provided that Leeth would be placed on probation for one year. The conditions imposed in the order were set to last for the duration of probation, except for the fees and fines, which were to be paid within ten months. On June 10, 2005, at the expiration of Leeth's probation, Leeth's probation officer filed a probation discharge stating that Leeth had satisfactorily completed his probation. Therefore, the set period of time for Leeth to meet the conditions expired on June 10, 2005. He was charged with drug-related offenses on June 7, 2006. Because Leeth was not charged with a new offense until the conditions set in the judgment order had expired, Section 35–38–1–1.5(c) does not bar the trial court from converting his felony conviction to a Class A misdemeanor.

Indiana Code Section 35–38–1–1.5(c) also provides:

> The court is not required to convert a judgment of conviction entered as a Class D felony to a Class A misdemeanor if, after a hearing, the court finds:
> (1) the person has violated a condition set by the court under subsection (a); or
> (2) the period that the conditions set by the court under subsection (a) are in effect expires before the person successfully completes each condition.

Therefore, if the court finds that the defendant violated a condition or did not complete the conditions within the prescribed time period, it is within the court's discretion whether to convert the judgment of conviction to a Class A misdemeanor or to deny the petition.

Leeth's probation officer filed a probation discharge at the conclusion of the one-year period, stating that Leeth had satisfactorily completed his probation. Therefore, the trial court could not have found that Leeth did not complete the conditions within the specified time period under Indiana Code Section 35–38–1–1.5(c)(2) because there was no evidence presented to the contrary. At the hearing, the trial court heard Leeth testify as to whether he had consumed alcohol or taken illegal drugs during his probation period, which would have been a violation of one of the conditions of probation. Leeth testified that he drank once on his birthday after his probation period had expired. Leeth initially testified that he had never taken illegal drugs but later admitted that he had taken some in high school and prior to the instant offense. He denied using illegal drugs since he was charged with the instant offense, including during the probation period.

The State argues that Leeth's "conflicting testimony clearly established his lack of credibility, which the trial court was entitled to consider. . . ." Appellee's Br. p. 7. Although Leeth's testimony was conflicting as to his prior drug use, he did not admit to using drugs during the probationary period. The State did not present evidence that Leeth violated the illegal drug condition while on probation. Leeth passed the only drug test that was administered while he was on probation. The probation officer filed a discharge stating that he had successfully completed probation. The trial court did not make a finding that Leeth violated the conditions of his probation under Indiana Code Section

35–38–1–1.5(c)(1). Therefore, the trial court did not have reason to deny Leeth's petition under Indiana Code Section 35–38–1–1.5(c).

■ Indiana Code Section 35–38–1–1.5(d) provides that "[t]he court *shall* enter judgment of conviction as a Class A misdemeanor if the person fulfills the conditions set by the court under subsection (a)" (emphasis added). When the word "shall" appears in a statute, it is construed as mandatory rather than discretionary unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning. *State v. Boles,* 810 N.E.2d 1016, 1019 (Ind.2004). It is apparent that the legislature intended for the trial court to be required to modify the conviction to a Class A misdemeanor if the defendant has successfully completed the conditions. Subsection (a) permits the trial court to have discretion whether to initially enter a judgment of conviction with a provision to modify it because the statute provides that a court "*may* enter a judgment of conviction with the express provision that the conviction will be converted . . . ." I.C. 35–38–1–1.5(a) (emphasis added). However, the language of the statute indicates that once a trial court has chosen to enter a conviction with an express provision to modify it and the defendant has completed the conditions set forth, the trial court must convert the conviction to a Class A misdemeanor. Because Leeth successfully completed the conditions set forth in the order of judgment, he is entitled to have his conviction converted to a Class A misdemeanor.

## Conclusion

The trial court erroneously denied Leeth's petition to modify his Class D felony to a Class A misdemeanor upon the successful completion of his probation. We reverse and remand for the trial court to modify Leeth's conviction to a Class A misdemeanor.

Reversed and remanded.

NAJAM, J., and RILEY, J., concur.