**Mark J. HOUSTON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 73A01–0805–CR–223.

Court of Appeals of Indiana.

Dec. 16, 2008.

Transfer Denied Feb. 26, 2009.

H. Curtis Johnson, Shelbyville, IN, Attorney for Appellant.

Stephen, R. Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Mark J. Houston appeals his conviction of operating a motor vehicle while privileges are forfeited for life, a Class C felony, Ind.Code § 9–30–10–17. We affirm.

Houston presents two issues for our review, which we restate as:

I. Whether the trial court erred by admitting the evidence obtained as a result of a traffic stop.

II. Whether Ind.Code § 9–18–2–26 is void for vagueness.

On February 7, 2006, Shelby County Sheriff's Deputy Chris Holder observed a vehicle with a license plate that was not securely fastened. The vehicle, it was later determined, was being driven by Houston. Although he attempted to stop the vehicle, Deputy Holder was unable to do so until it pulled into a driveway. Both Deputy Holder and Houston exited their vehicles, and Deputy Holder informed Houston that his license plate "was getting ready to fall off." Appellant's Appendix at 112. Deputy Holder asked to see Houston's license, and Houston responded that he did not have one. Deputy Holder then asked Houston if he was suspended, to which Houston answered in the affirmative.

Based upon this incident, the State charged Houston with operating a motor vehicle while privileges are forfeited for life, a Class C felony. Houston filed a motion to suppress the evidence obtained as a result of the traffic stop, and the trial court denied his motion. Houston then unsuccessfully attempted an interlocutory appeal of the trial court's ruling. Subsequently, a bench trial was held in this matter, and Houston was found guilty as charged. Houston was sentenced to four years, and this appeal ensued.

Houston contends that the trial court erred by admitting the evidence obtained as a result of the traffic stop. Prior to trial, Houston filed a motion to suppress the evidence, which the trial court denied. Houston renewed his objection to this evidence at trial, and the trial court overruled the objection and admitted the evidence. Therefore, the question on appeal is not whether the trial court erred in denying

Houston's motion to suppress, but whether the trial court erred in admitting the evidence at trial. Accordingly, our standard of review is that regarding the admission or exclusion of evidence at trial. *See Cochran v. State,* 843 N.E.2d 980, 982–983 (Ind. Ct.App.2006), *reh'g denied, trans. denied,* 860 N.E.2d 584, *cert. denied,* 549 U.S. 1122, 127 S.Ct. 943, 166 L.Ed.2d 722 (2007) (stating that once case proceeds to trial, question of whether trial court erred in denying motion to suppress is no longer viable and defendant's only available argument is whether trial court erred in admitting evidence at trial).

■ The admissibility of evidence is within the sound discretion of the trial court, and we will not disturb the decision of the trial court absent a showing of abuse of that discretion. *Gibson v. State,* 733 N.E.2d 945, 951 (Ind.Ct.App.2000). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

■ Houston specifically asserts that the evidence was the fruit of an illegal search and seizure because the police improperly stopped the vehicle he was driving. The basis of the stop of Houston's vehicle was his non-compliance with Ind. Code § 9–18–2–26, which provides, in pertinent part: "A license plate shall be securely fastened, in a horizontal position, to the vehicle for which the plate is issued: (1) to prevent the license plate from swinging." Ind.Code § 9–18–2–26(b)(1). Initially we note that non-compliance with the Indiana statutory requirements concerning placement, secure attachment, illumination and legibility of a license plate may serve as a basis for reasonable suspicion for law enforcement officers to make a traffic stop to ascertain whether the display fully complies with all statutory requirements. *See*

*Merritt v. State,* 829 N.E.2d 472, 476 (Ind. 2005).

Houston claims that the undisputed evidence indicates that his license plate was secured by two bolts and was not "swinging," as contemplated by Ind.Code § 9–18–2–26(b)(1). Appellant's Br. at 10. The interpretation of a statute is a question of law that we review *de novo. Montgomery v. State,* 878 N.E.2d 262, 266 (Ind.Ct.App. 2007). We are neither bound by, nor do we defer to, a trial court's legal interpretation of a statute. *Leeth v. State,* 868 N.E.2d 65, 67 (Ind.Ct.App.2007). Rather, we independently determine the statute's meaning and apply it to the facts before us, using the express language of the statute and following the rules of statutory construction. *Id.* Where the language of a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary and usual sense. *State v. Massey,* 887 N.E.2d 151, 156–57 (Ind.Ct.App.2008), *trans. denied.* However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. *Id.* at 157. The legislature is presumed to have intended the language to be applied logically and not to bring about an unjust or absurd result. *Leeth,* 868 N.E.2d at 68.

At the hearing on Houston's motion to suppress, Deputy Holder described the movement of the license plate as "unsecure" and "swinging back and forth." Appellant's App. at 103. Subsequently at trial, Deputy Holder described the plate as "swinging back and forth" and appearing as though it "was getting ready to fall off." Appellant's App. at 109 and 112. In his narrative report of the incident, Deputy Holder stated that the "plate was flopping back and forth and appeared it may fall off." Appellant's App. at 26.

The plain meaning of the word "swinging" includes "moving freely to and from especially in suspension from an overhead support;" "hanging freely from a support;" "moving in or describing a circle or arc;" or "turning on a hinge or pivot." http://www.merriam-webster.com/dictionary/swing[1]. The movement of the license plate as described by Deputy Holder falls within these common definitions of "swinging."

Moreover, Houston argues that the public policy goal of this statute was not a concern in this case because Officer Holder was able to discern the plate information and call it in to dispatch. Although we acknowledge the concerns of law enforcement, in particular, not being able to discern the information on a license plate, we also appreciate the safety issue raised by a non-secure license plate. Indeed, Deputy Holder testified that he was concerned about Houston's license plate becoming completely detached and injuring a person or damaging property. Certainly, protecting the citizenry of this state from possible injury is a legitimate public policy objective. Thus, the trial court did not err in determining that the evidence demonstrated a violation of Ind.Code § 9–18–2–26 as a basis for the stop.

Houston next claims that Ind. Code § 9–18–2–26 is void for vagueness.[1] Upon a challenge that a statute is unconstitutional, we presume the statute is constitutional. *Baumgartner v. State*, 891 N.E.2d 1131, 1136 (Ind.Ct.App.2008). The burden is on the defendant to rebut this presumption, and we resolve all reasonable doubts in favor of the constitutionality of the statute. *Id.* A criminal statute may be void for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement. *Brown v. State*, 868 N.E.2d 464, 467 (Ind.2007). With regard to notice to ordinary people, the statute need only inform people of the generally proscribed conduct; it need not list specifically each item of prohibited conduct. *Baumgartner*, 891 N.E.2d at 1136. Additionally, in order to avoid arbitrary or discriminatory enforcement of the statute, there must be in the statute a line of demarcation between trivial and substantial acts. *Id.* Assessment of a vagueness challenge is limited to the facts and circumstances of each case. *Brown*, 868 N.E.2d at 467.

The statute in question provides: "A license plate shall be securely fastened, in a horizontal position, to the vehicle for which the plate is issued: (1) to prevent the license plate from *swinging*." Ind. Code § 9–18–2–26(b)(1) (emphasis supplied). Houston's vagueness challenge focuses on the term "swinging" as contained in the statute. To determine whether the vagueness doctrine applies here, we consider this term in the context of the statute. We begin by noting that the statute does not provide a definition of this term. Because Houston's claim hinges upon how ordinary people understand this statutory language, we consult a standard dictionary. The online dictionary utilized by this Court advises that this term means "moving freely to and from especially in suspension from an overhead support;" "hanging freely from a support;" "moving in or describing a circle or arc;" or "turning on a hinge or pivot." http: //www.merriam-webster.com/dictionary/swing[1]. Therefore, the statute requires that a license plate be

1. In order to address this argument, we assume, without deciding, that Ind.Code § 9–18–2–26 is a penal statute.

securely fastened so as to prevent it from moving, hanging or turning freely. We reject Houston's claim that the statute is unconstitutionally vague by reason of its use of the word "swinging."

 Further Houston argues that this statute is vague because it could criminalize the manner in which a license plate is fastened if it "displays some movement." We disagree. The term "swinging," as defined above, does not prohibit *any* movement in the license plate. Moreover, Houston's argument is not addressed to the precise circumstances of the present case, but instead devises hypothetical situations that might demonstrate vagueness. This is not permissible. *See Mallory v. State,* 563 N.E.2d 640, 644 (Ind.Ct.App. 1990), *trans denied* (defendant not at liberty to devise hypothetical situations which might demonstrate vagueness). Thus, we also reject Houston's argument that this statute authorizes or encourages arbitrary or discriminatory enforcement.[2]

Based upon the foregoing, we conclude that the traffic stop was proper and, therefore, the trial court did not err by admitting the evidence obtained as a result of the stop. Further, Ind.Code § 9–18–2–26 is not void for vagueness.

Affirmed.

RILEY, J., concurs.

KIRSCH, J., concurring in result with separate opinion.

KIRSCH, Judge, concurring in result.

I concur in the result reached by my colleagues, but I reach that conclusion by a different path. Ind.Code § 9–18–2–26(b)(1) requires that "A license plate shall be securely fastened ... to the vehicle ...

(1) to prevent the license plate from swinging." As I read the statute, it requires that a license plate be "securely fastened." One violates the statute by having a license plate that is not securely fastened. The phrase "to prevent the license plate from swinging" merely states the purpose of the legislature in adopting such a requirement and does not impose a separate condition as do subsections (2) through (5). Thus, to me, it is immaterial whether Houston's license plate was swinging or merely in danger of swinging; what matters is that it was not securely fastened to his vehicle.

---

**2.** Because we determine that the stop of Houston's vehicle was legal, we need not address his argument regarding the good faith exception contained in Ind.Code § 34–28–5–3.