# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 03 2017, 9:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William W. Gooden
Mt. Vernon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wesley A. Barnes,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 3, 2017

Court of Appeals Case No.
65A05-1611-CR-2727

Appeal from the Posey Circuit Court.
The Honorable James M. Redwine, Judge.
Cause No. 65C01-1605-F6-256

**Barteau, Senior Judge**

# Statement of the Case

Wesley A. Barnes appeals his conviction of possession of a controlled substance, a Class A misdemeanor.[1]  We affirm.

# Issue

Barnes raises one issue, which we restate as:  whether the trial court erred in concluding Barnes did not have a valid prescription for the Hydrocodone that was found in his possession.

# Facts and Procedural History

On May 2, 2016, Deputy Isaac Fuelling of the Posey County Sheriff's Office looked for Barnes with the intent of arresting him on several active warrants. Deputy Fuelling and three other deputies went to an address in Posey County where they believed Barnes would be found.

Barnes was at the address, and the officers took him into custody.  As they patted him down, the officers found a bag of pills in Barnes' pants.  Barnes claimed the pills were extra strength Tylenol that a friend had given him for a headache.  The pills were later determined to consist of 7.5 milligram tablets of Hydrocodone, a controlled substance.  At trial, Barnes testified his mother gave him the pills.  He further submitted evidence showing that in August 2013, he

---

[1] Ind. Code § 35-48-4-7 (2014).

had received a valid prescription from Dr. Chou for 112 7.5-milligram tablets of Hydrocodone. The prescription indicated that there would be no refills. Barnes conceded he had not been to Dr. Chou's office since 2013 or early 2014, and he could not have purchased more Hydrocodone at a pharmacy using the 2013 prescription.

[5] The State charged Barnes with possession of a controlled substance as a Level 6 felony. Barnes waived his right to a jury trial but requested a speedy trial. Prior to the bench trial, the parties agreed to reduce the charge from a Level 6 felony to a Class A misdemeanor. The court heard evidence and determined Barnes was guilty of possession of a controlled substance as a Class A misdemeanor. The judge stated, "If you had had these pills left over from your 2013 prescription, I would agree completely with Mr. Gooden and find you not guilty. You got these from somebody else. So this prescription is of no efficacy to you in that regard." Tr. p. 17. Next, the court imposed a sentence, and this appeal followed.

## Discussion and Decision

[6] Barnes contends his conviction must be reversed because he proved he had a valid prescription for Hydrocodone. The State disagrees with Barnes' definition of a valid prescription. The parties do not appear to dispute the facts. Instead, they disagree about the application of the law to undisputed facts. In this circumstance, our standard of review is de novo. *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013). We are neither bound by, nor do we defer to, a trial

court's legal interpretation of a statute. *Houston v. State*, 898 N.E.2d 358, 361 (Ind. Ct. App. 2008), *trans. denied*.

[7] The governing statute, Indiana Code section 35-48-4-7, provides, in relevant part:

> (a) A person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses a controlled substance (pure or adulterated) classified in schedule I, II, III, or IV, except marijuana, hashish, salvia, or a synthetic cannabinoid, commits possession of a controlled substance, a Class A misdemeanor.

[8] The State must prove beyond a reasonable doubt that the defendant knowingly or intentionally possessed a controlled substance. *Schuller v. State*, 625 N.E.2d 1243, 1246 (Ind. Ct. App. 1993). The existence of a valid prescription is a defense to the offense, and the defendant has the burden of proving the valid prescription by a preponderance of the evidence. *Id.*

[9] The General Assembly has not defined a "valid prescription" for purposes of this statute, so we resort to our rules of statutory construction. Where the language of a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. *Houston*, 898 N.E.2d at 361. The legislature is presumed to have intended the language to be applied logically and not to bring about an unjust or absurd result. *Id.*

[10]   Barnes argues that his 2013 prescription had been issued in accordance with the law, thus for purposes of Indiana Code section 35-48-4-7 he had a "valid prescription" for Hydrocodone when he possessed the Hydrocodone that his mother had given him. The State responds that a prescription can only be considered "valid" if it applies to the contraband that is found in a defendant's possession.

[11]   We agree with the State. Barnes' reading of Indiana Code section 35-48-4-7 erroneously isolates the "valid prescription" clause from the remainder of the statute. A plain language reading of Indiana Code section 35-48-4-7 results in a conclusion that the "valid prescription" must apply to the specific pills that the defendant is accused of possessing; that is, the specific controlled substance must have been obtained pursuant to a prescription. *See Burgin v. State*, 431 N.E.2d 864, 867 (Ind. Ct. App. 1982) (affirming conviction for possession of Desoxyn without a prescription; appellant failed to demonstrate that he had obtained the pills *in his possession* "under a specific valid prescription.").

[12]   This reading of the statute is supported by other statutes governing controlled substances. Hydrocodone is a schedule II controlled substance. Ind. Code § 35-48-2-6 (2015). A schedule II controlled substance may not be dispensed "without the written or electronic prescription of a practitioner." Ind. Code § 35-48-3-9 (2013). Furthermore, "no prescription for a schedule II substance may be refilled." *Id.* A reader of these statutes must conclude that Hydrocodone is to be distributed under tightly controlled circumstances based

on a specific, limited prescription. An outdated prescription for Hydrocodone cannot provide a defense for possession of Hydrocodone pills years later.

[13]     In the current case, we agree with the trial court that Barnes' defense may have been valid if he had shown that the Hydrocodone pills he possessed on May 2, 2016 were obtained pursuant to the 2013 prescription. Instead, it is undisputed that Barnes had not seen Dr. Chou since early 2014 at the latest, that a pharmacy would not have given Barnes more Hydrocodone pursuant to the 2013 prescription, and that Barnes received the pills from his mother rather than a licensed pharmacy. Under the plain language of Indiana Code section 35-48-4-7, the trial court did not err in concluding Barnes had failed to prove his defense of possessing the pills pursuant to a valid prescription.

## Conclusion

[14]     For the reasons stated above, we affirm the judgment of the trial court.

[15]     Affirmed.

Bailey, J., and Altice, J., concur.