Ronald PERKINS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 32A04–9903–CR–114.

Court of Appeals of Indiana.

Sept. 10, 1999.

---

Harold W. Blake, Lewis & Blake, Danville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

GARRARD, Judge

Ronald Perkins appeals his sentence on conviction for possession of marijuana following the trial court's finding that Perkins violated the conditions of a conditional discharge agreement entered into pursuant to Indiana Code Section 35-48-4-12. The main issue presented in this case is whether the trial court may properly impose sentence when a defendant violates the conditions of a conditional discharge.

On March 12, 1998, Perkins entered a guilty plea to the offense of possession of marijuana under the terms of a conditional discharge agreement executed pursuant to Indiana Code Section 35-48-4-12. The agreement provided that Perkins plead guilty to a Class A misdemeanor possession of marijuana and stated that he would be placed on probation for one year. Should Perkins successfully complete probation, his case would be dismissed and there would be no conviction. On July 22, 1998, Perkins took a urine drug test which showed that his urine contained benzodiazepine, a controlled substance. The trial court found that Perkins violated the terms of his conditional discharge[1], entered a judgment of conviction against him, and sentenced him to fourteen days in jail and one year probation.

Indiana Code Section 35-48-4-12 provides as follows:

If a person who has no prior conviction of an offense under this article or under law of another jurisdiction relating to con-trolled substances pleads guilty to possession of marijuana or hashish as a Class A misdemeanor, the court, without entering a judgment of conviction and with the consent of the person, may defer further proceedings and place him in custody of the court under such conditions as the court determines. Upon violation of a condition of the custody, the court may enter a judgment of conviction. However, if the person fulfills the conditions of the custody, the court shall dismiss the charges against him.

We have found no cases interpreting this particular statute. Thus, we must address the extent of trial court discretion under the statute and the extent of our appellate review. We agree with the State that analogous Indiana decisions regarding conditional liberties provide guidance. For example, in *Cox v. State,* our supreme court determined that, for the purposes of appellate review, a hearing on a petition to revoke placement in a community corrections program should be treated in the same manner as a hearing on a petition to revoke probation. *Cox v. State,* 706 N.E.2d 547, 549 (Ind.1999).[2] In so holding, the court stated:

Both probation and community corrections programs serve as alternatives to commitment to the Department of Correction and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right."

*Id.* (citations omitted).

As the name implies, Indiana Code Section 35-48-4-12 provides for a *conditional* discharge for possession as a first offense. Further, the statute states that the trial

---

1. Although the trial court referred to "probation," we conclude the term is incorrect since at that point there existed no conviction. We agree, however, that the conditional discharge agreement is the functional equivalent of probation.

2. We note that the *Cox* decision also determined that the due process requirements and evidentia-ry rules for community corrections placement revocation were the same as those for probation revocation. *Cox,* 706 N.E.2d at 549 n. 6. We decline to address the due process requirements and evidentiary rules for a petition to revoke a conditional discharge agreement (or a praecipe for sentencing hearing, as the State filed here) as these issues are not raised in the instant case.

court *may* place the defendant in custody under the statute and *under such conditions as the court determines.* IND.CODE § 35–48–4–12. Thus, a defendant has no right to a conditional discharge, rather, it is a conditional liberty and an alternative to commitment to the Department of Correction that may be granted at the sole discretion of the trial court.

Here, Perkins' conditional discharge agreement provided in pertinent part:

[P]roceedings (prosecution) in this case will be withheld and ultimately dismissed subject to the Defendant complying with the following conditions:

. . . .

3. The Defendant shall be evaluated for substance abuse problems by the Probation Department . . .

. . . .

5. The Defendant shall comply with all rules and regulations of the Probation Department as per the standard rules and requirements issued for convicted defendants.

Upon the Defendant's successful completion of the above listed conditions during the period of custody, the Court will dismiss the charges against the Defendant.

Upon violation of any and/or all of the conditions of custody, the Court may enter a judgment of conviction for the offense of Possession of Marijuana and *sentence the defendant accordingly.*

Record at 22–23. (emphasis added). Perkins signed the agreement, thus complying with the portion of the conditional discharge statute requiring the trial court to obtain the defendant's consent. Further, during Perkins' guilty plea hearing, the trial court judge stated:

However, if you violate probation, you would have already pleaded guilty to possession of marijuana, a Class A misdemeanor, and the Court could send you to jail for a year, plus fine you five thousand dollars ($5,000), do you understand that?

Record at 65. To this, Perkins responded, "Yes, ma'am." Record at 65.

Perkins does not contend that the trial court erred in entering a judgment of convic-

tion against him; rather, he argues that the trial court is not authorized to impose a sentence. We disagree. Perkins agreed to the terms and conditions of the agreement when he pled guilty to the charge of possession of marijuana. He was clearly informed that if he violated the conditions, he could be convicted and sentenced for the offense.

As the governing statute makes clear, once the agreement is entered into, further proceedings are simply deferred until either the conditions are satisfied and the defendant is discharged, or they are violated and the court proceeds with the case. Here Perkins violated the conditions, judgment of conviction was properly entered, and an appropriate sentence for commission of a class A misdemeanor was imposed. The trial court did not err in entering a judgment of conviction against Perkins and in sentencing him accordingly.

Affirmed.

BAILEY, J. and SULLIVAN, J. concur.