Donald **HATCHER,** Appellant–
Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 49A02–0107–CR–496.

Court of Appeals of Indiana.

Feb. 4, 2002.

Carolyn W. Rader, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott A. Kreider, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Donald Hatcher appeals the judgments against him for the infractions of Speeding[1] and Unsafe Lane Movement.[2] In contesting these judgments, Hatcher contends that the issuing officer did not have the authority to issue him the traffic citations because she was neither wearing a distinctive uniform and badge of authority nor in a marked police vehicle as required by Indiana Code § 9–30–2–2. Because uniformed officers were present when the non-uniformed officer issued the citations

1. Ind.Code § 9–21–5–2.

2. Ind.Code § 9–21–8–24.

to Hatcher, we find that Indiana Code § 9–30–2–2 does not apply and affirm both judgments.

### Facts and Procedural History

The facts relevant to this appeal are as follows. On September 16, 2000, Hatcher was traveling southbound on Interstate 65 in a semi tractor-trailer truck. At the same time, Indiana State Police Sergeant Karol Ruby was also traveling southbound in her unmarked State Police issued vehicle. Sergeant Ruby was off-duty at the time; therefore, she was not in uniform. At or around the 111 mile marker, Hatcher passed Sergeant Ruby on the right. Due to the fact that Hatcher appeared to be speeding, Sergeant Ruby used her in-car radar to note the speed at which Hatcher was traveling. The radar indicated that Hatcher was indeed exceeding the posted speed limit. Shortly thereafter, Sergeant Ruby observed Hatcher make an illegal lane change. Sergeant Ruby radioed to have marked police units sent to the area. Sergeant Ruby continued to follow Hatcher as he exited from the interstate.

Hatcher exited at Whiteland Road and pulled into a truck stop to refuel. As Hatcher was inside paying for his gas, Ruby and two uniformed Whiteland police officers approached him. Ruby identified herself with her police identification card and then issued Hatcher citations for the following infractions: (1) speeding at 76.9 m.p.h. in a 40 m.p.h. zone; (2) unsafe lane movement; and (3) a tire violation (tread missing).[3]

Hatcher appeared in court to contest the citations. He argued that because he was not under arrest, Ruby lacked authority to issue him the citations because she failed

3. Although not explicitly stated therein, our review of the record suggests that the third citation was dismissed.

to meet the requirements imposed by Indiana Code § 9–30–2–2. At the close of evidence, the judge found for the State on both the speeding and the unsafe lane movement issue. Thereafter, Hatcher filed a motion to correct errors in which he alleged that the trial court's findings were not supported by the evidence and were insufficient as a matter of law. The trial court denied his motion to correct errors. This appeal ensued.

### Discussion and Decision

■ Hatcher contends that because Sergeant Ruby was not in uniform or in a marked police vehicle at the time she issued him citations for the infractions of speeding and unsafe lane movement and because he was not under arrest at the time the citations were issued, the evidence is insufficient to support these judgments against him. Hatcher directs our attention to Indiana Code § 9–30–2–2, which provides:

> A law enforcement officer may not *arrest or issue a traffic information and summons* to a person for a violation of an Indiana law regulating the use and operation of a motor vehicle on an Indiana highway or an ordinance of a city or town regulating the use and operation of a motor vehicle on an Indiana highway unless at the time of *the arrest* the officer is:
>
> (1) wearing a distinctive uniform and a badge of authority; or
>
> (2) operating a motor vehicle that is clearly marked as a police vehicle;
>
> that will clearly show the officer or the officer's vehicle to casual observations to be an officer or a police vehicle. This section does not apply to an officer making *an arrest* when there is a uniformed officer present at the time of the arrest.

(emphasis added). Based on this statutory language, Hatcher asserts that the officer issuing his traffic citations lacked the au-

thority to do so. In particular, Hatcher's primary defense in contesting the issuance of the traffic citations was that he was not under "arrest;" and therefore, Sergeant Ruby did not have the authority to issue him the citations because she was neither wearing a distinctive uniform and badge of authority nor operating a motor vehicle that was clearly marked as a police vehicle. Hatcher's argument appears to recognize that an officer need not be uniformed or in a marked police vehicle as set forth in Indiana Code § 9–30–2–2 if the officer is accompanied by other officers who are uniformed. However, he insists that this exception to the application of Indiana Code § 9–30–2–2 applies only if he were under arrest. We disagree.

At the outset we note that Indiana Code § 9–30–2–2 was created for public policy reasons. *Miller v. State*, 641 N.E.2d 64 (Ind.Ct.App.1994), *trans. denied.* Specifically, we recognize that:

> [T]he obvious intent of the legislature, in enacting I.C. 9–30–2–2, [was] to ensure that the law enforcement officers who enforce our traffic laws are either wearing a uniform and badge or driving a marked car when they effect an arrest or issue a traffic citation. Such requirements are good public policy in that they help to distinguish law enforcement officers from those individuals on our highways who, for illicit purposes, impersonate law enforcement officers.

*Id.* at 69.

■ When construing the language of a statute, we do not presume that the legislature intended language used in the statute to be applied illogically or to bring about an unjust or absurd result. *Riley v. State*, 711 N.E.2d 489, 495 (Ind.1999). While we acknowledge that the legislature dropped the clause "or issue a traffic information and summons" after its first use in

Indiana Code § 9–30–2–2, we believe that every subsequent use of the word "arrest" was intended to incorporate the situation in which a traffic information and summons is issued without an accompanying arrest.

To read the statute otherwise, produces an absurd result. Namely, the requirements of this statute would apply only when an arrest is being effectuated and not when a traffic information and summons are being issued without an accompanying arrest. This interpretation would render the legislature's inclusion of the clause "or issue a traffic information and summons" in the first part of this statutory section meaningless, which is contrary to the basic tenet of statutory interpretation that we will strive to avoid an interpretation that renders any part of the statute meaningless or superfluous. *Wray v. State,* 751 N.E.2d 679, 683 (Ind.Ct.App. 2001). Moreover, this interpretation satisfies the public policy concerns that Indiana Code § 9–30–2–2 was enacted to address.

Because two uniformed officers accompanied Sergeant Ruby when she issued the traffic citations to Hatcher, Sergeant Ruby was not precluded from issuing the citations by the uniform and marked vehicle requirements of Indiana Code § 9–30–2–2.

Judgment affirmed.

FRIEDLANDER, J., and BARNES, J., concur.