# FOR PUBLICATION



**FILED**

May 30 2012, 8:41 am

**CLERK**

of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**K. MICHAEL GAERTE**
Borland & Gaerte
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLIFTON ERVIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  29A05-1109-CR-454 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Wayne A. Sturtevant, Judge
Cause No. 29D05-1008-FD-4604

**May 30, 3012**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Clifton Ervin brings this interlocutory appeal, challenging the trial court's denial of his motion to suppress. Specifically, Ervin argues that although the trial court properly granted a portion of his motion to suppress, it erred in determining that only the evidence seized from the moment that an off-duty police officer ordered him to return to his vehicle until uniformed on-duty police officers arrived at the scene should be suppressed. In other words, Ervin claims that the trial court should have issued an order "prohibiting the State from introducing all evidence obtained following Ervin's illegal detention." Appellant's Br. p. 6. Concluding that the trial court properly determined that the evidence seized by the uniformed on-duty police officers should not be suppressed pursuant to the exclusionary rule, we affirm and remand this cause for trial.

FACTS

On April 2, 2010, Carmel Police Officer Jeff Sedberry was driving home with his wife and daughter. He was off duty and not in uniform or driving a marked police car. Officer Sedberry was behind a vehicle that Ervin was driving. Ervin was weaving, crossing over the center and fog lines, and nearly hit some objects on the side of the road. Ervin's behavior led Officer Sedberry to believe that Ervin was driving while intoxicated. As a result, Officer Sedberry contacted the Fishers Police Department and reported Ervin's location. Although Officer Sedberry continued to follow Ervin's vehicle, he did not take any action to stop the vehicle or cause Ervin to pull over.

At some point, Ervin abruptly pulled his vehicle over on a neighborhood street. When Officer Sedberry stopped, Ervin exited his vehicle and began to walk toward

2

Officer Sedberry in an aggressive and confrontational manner, shouting with his arms up in the air, asking why he was being followed. Officer Sedberry was concerned for his family's safety, so he grabbed his gun, pointed it at Ervin, identified himself as a police officer, and told Ervin to return to his vehicle. Ervin complied, and moments later, some on-duty officers, who had been dispatched in response to Officer Sedberry's call, arrived at the scene. An investigation commenced and Ervin was ultimately arrested for driving while intoxicated and other related offenses.

Thereafter, Ervin filed a motion to suppress, arguing that he was unlawfully seized because Officer Sedberry was not in uniform or driving a marked police car. Following a hearing, the trial court ruled that a violation of Indiana Code section 9-30-2-2[1] occurred because Officer Sedberry was not in uniform or driving a marked police vehicle.

Although the trial court observed that Officer Sedberry did not initially stop Ervin, it was determined that Officer Sedberry detained and arrested Ervin when he pointed his gun and ordered him back to the vehicle. Thus, the trial court determined that "only the evidence seized from the moment that Officer Sedberry ordered [Ervin] to return to his vehicle until the time of the arrival of the uniformed officers shall be suppressed." Appellant's App. p. 15.

---

[1] This statute, discussed infra, pertains to a law enforcement officer's lack of authority to make an arrest in circumstances regarding the operation of a motor vehicle when the officer is not wearing a badge or uniform or driving a marked police vehicle.

However, in its order dated July 11, 2011, the trial court denied the remainder of Ervin's motion to suppress under the exclusionary rule. In particular, the trial court's findings provided that

> The remaining issue . . . is what evidence must be suppressed. The purpose of the Exclusionary Rule is to deter unlawful or improper police conduct in violation of a person's constitutional rights. In the instant case, there has been no argument that the Defendant's constitutional rights were violated by Officer Sedberry. The evidence supports that, had he been in uniform or a marked car, he would have had the right to stop the Defendant for a traffic violation committed in the officer's presence. Given that there was no violation of the Defendant's constitutional rights, it is reasonable to consider whether the Exclusionary Rule should apply and to what extent. Here, the Defendant created the very situation I.C. § 9-30-2-2 was meant to avoid. It was the Defendant who made the decision to stop and confront the officer. It was the Defendant's approach to Officer Sedberry's vehicle that provoked the officer to a response he would not otherwise have made but for the perceived need to protect his family from a threat that could not be fully evaluated as the Defendant came towards them in a clearly agitated posture. Even with this, his identification of himself as a police officer was as much a means of justifying his presence and his possession of a firearm to the Defendant so as to de-escalate the situation, as it was a means of enforcing his command for the Defendant to return to his vehicle. The officer made no attempt to gain any advantage or benefit from the action the Defendant had forced upon him. Moreover, had the Defendant not stopped, the communication from Officer Sedberry and his wife to police dispatch would have directed uniformed police officers to a location where they could have made a stop compliant with Indiana Code § 9-30-2-2.
>
> For these reasons, the court finds that a sweeping application of the Exclusionary Rule would be inappropriate under the facts of the instant case. The court therefore orders that only the evidence seized from the moment that Officer Sedberry ordered the Defendant to return to his vehicle until the time of the arrival of the uniformed officers shall be suppressed. The court will not apply the "fruit of the poisoned tree" doctrine to exclude any other evidence obtained on the night of the Defendant's arrest.

Appellant's App. p. 14-15.

4

Ervin now brings this interlocutory appeal.[2]


DISCUSSION AND DECISION

As set forth above, Ervin contends that the trial court should have suppressed all of the evidence that was obtained as a result of the incident. Ervin argues that the exclusionary rule under the Fourth Amendment to the United States Constitution applies here and the trial court erred in concluding that only a portion of the evidence that related to Officer Sedberry's interaction with him should have been suppressed.

Relevant to our discussion in resolving this issue, is an examination of Indiana Code section 9-30-2-2, the statute that the trial court relied upon in its order denying Ervin's motion to suppress:

> A law enforcement officer may not arrest or issue a traffic information and summons to a person for a violation of an Indiana law regulating the use and operation of a motor vehicle on an Indiana highway or an ordinance of a city or town regulating the use and operation of a motor vehicle on an Indiana highway unless at the time of the arrest the officer is:
>
> (1) wearing a distinctive uniform and a badge of authority; or
>
> (2) operating a motor vehicle that is clearly marked as a police vehicle;
>
> that will clearly show the officer or the officer's vehicle to casual observations to be an officer or a police vehicle. This section does not apply to an officer making an arrest when there is a uniformed officer present at the time of the arrest.

---

[2] On August 9, 2011, the trial court granted Ervin's petition to certify the question for interlocutory appeal. We accepted jurisdiction of the interlocutory appeal on October 11, 2011.

The purpose of this statute is to protect drivers from police impersonators and to protect officers from resistance should they not be recognized as officers. Davis v. State, 858 N.E.2d 168, 172 (Ind. Ct. App. 2006). The statute seeks to help distinguish law enforcement officers from those individuals on our highways who, for illicit purposes, impersonate law enforcement officers. Maynard v. State, 859 N.E.2d 1272, 1274 (Ind. Ct. App. 2007).

In this case, the sole basis that Ervin advanced in support of his motion to suppress was Officer Sedberry's alleged violation of Indiana Code section 9-30-2-2. Ervin makes no claim that his constitutional rights were violated. Rather, Ervin maintains that he was illegally arrested under this statute because Officer Sedberry was not in uniform or driving a marked police vehicle at the time of the incident.

The undisputed evidence is that Officer Sedberry was not on duty and was not wearing a police uniform or driving a police vehicle when the encounter occurred. Tr. p. 11-12. And Officer Sedberry was following Ervin in his vehicle to keep dispatch apprised of Ervin's location. Id. at 13-14, 33-34. He did not stop Ervin and did nothing to indicate that Ervin should pull over. Rather, as mentioned above, Ervin, of his own accord, abruptly pulled over and stopped his vehicle in a neighborhood. Ervin then approached Officer Sedberry's vehicle in an aggressive, confrontational manner, with his arms up in the air and shouting.

Officer Sedberry testified that out of concern for his and his family's safety, he exited his vehicle and pointed the pistol at Ervin. At that time, Officer Sedberry

6

identified himself as a police officer and ordered Ervin back to his vehicle. Within minutes, uniformed police officers arrived and conducted their own investigation that led to Ervin's arrest and charge for operating a motor vehicle while intoxicated.

Given these circumstances and notwithstanding the trial court's conclusion to the contrary, we cannot say that Indiana Code Section 9-30-2-2 was implicated to the extent that the evidence in this case should be suppressed. More specifically, the statute provides that an officer may not arrest a person "for a violation of an Indiana law regulating the use and operation of a motor vehicle on an Indiana highway" unless the officer is in uniform or a marked police vehicle. I.C. § 9-30-2-2.

At no time did Officer Sedberry arrest Ervin for violating a law regulating the use of a motor vehicle. Rather, it is apparent that Officer Sedberry's acts of drawing his weapon and pointing the gun at Ervin were in response to the threatening and aggressive behavior that Ervin initiated, and his purpose was to keep Ervin away from his family to ensure their safety.

As a result, because Indiana Code section 9-30-2-2 is not implicated in these circumstances and Ervin does not contend that his constitutional rights were violated in this instance, the trial court properly determined that the evidence seized by the uniformed on-duty police officers should not be suppressed. Thus, we affirm the judgment of the trial court in this regard and remand this cause for trial.

The judgment of the trial court is affirmed and this cause is remanded for trial.

KIRSCH, J., and BROWN, J., concur.

7