# FOR PUBLICATION



**FILED**

Jul 17 2014, 9:53 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARLIN GRAFFENREAD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1310-CR-499 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy M. Jones, Judge
The Honorable David Hooper, Commissioner
Cause No. 49F08-1302-CM-10681

**July 17, 2014**

**OPINION FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Carlin Graffenread appeals the trial court's denial of his motion to defer his dealing in marijuana charge. We affirm.

**Issue**

The sole issue before us is whether Indiana Code Section 35-48-4-12 allows for the deferral of a dealing in marijuana charge.

**Facts**

On February 1, 2013, an officer found a plastic bag containing approximately twenty-six grams of marijuana, a metal grinder, a digital scale, and a box of plastic bags in Graffenread's car, which was parked on the shoulder of I-70 in Indianapolis. Graffenread was charged with possession of marijuana and dealing in marijuana, both Class A misdemeanors. The charges read in part as follows:

> Count I: On or about February 1st, 2013, in Marion County, State of Indiana, the following named defendant, CARLIN GRAFFENREAD, did knowingly possess, with intent to deliver, a Controlled Substance, that is: MARIJUANA, of an aggregate weight of less than 30 grams.

> Count II: On or about February 1st, 2013, in Marion County, State of Indiana, the following named defendant, CARLIN GRAFFENREAD, did knowingly possess a Controlled Substance, that is: MARIJUANA, of an aggregate weight of less than 30 grams.

App. pp. 15-16.

Graffenread petitioned the trial court to defer both charges under Indiana Code Section 35-48-4-12, which allows a defendant who is charged with possession of marijuana

as a first offense to have the charge deferred and dismissed if the defendant abides by the conditions imposed by the trial court. The trial court deferred Graffenread's possession of marijuana charge but denied his petition to defer his dealing in marijuana charge. Graffenread has been granted permission to pursue this interlocutory appeal.

**Analysis**

Whether Graffenread is entitled to a dismissal of his dealing in marijuana charge is a matter of statutory interpretation. A question of statutory interpretation is a matter of law to be determined de novo. Maynard v. State, 859 N.E.2d 1272, 1274 (Ind. 2007), trans. denied. We are not bound by a trial court's legal interpretation of a statute and need not give it deference. Id. We independently determine the statute's meaning and apply it to the facts before us, using the express language of the statute and following the rules of statutory construction. Id. Where the language of the statute is clear and unambiguous, there is nothing to construe; however, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. Id. The legislature is presumed to have intended the language to be applied logically and not to bring about an unjust or absurd result. Id. An unambiguous statute must be held to mean what it plainly expresses, and its plain and obvious meaning may not be expanded or restricted. Gibson v. Review Bd. of Ind. Dep't of Workforce Dev., 671 N.E.2d 933, 935-36 (Ind. Ct. App. 1996). At the time Graffenread was charged, the relevant statute in effect provided:

> If a person who has no prior conviction of an offense under this article or under a law of another jurisdiction relating to controlled substances pleads guilty to possession of marijuana,

hashish, salvia, or a synthetic drug as a Class A misdemeanor, the court, without entering a judgment of conviction and with the consent of the person, may defer further proceedings and place the person in the custody of the court under such conditions as the court determines. Upon violation of a condition of the custody, the court may enter a judgment of conviction. However, if the person fulfills the conditions of the custody, the court shall dismiss the charges against the person. There may be only one (1) dismissal under this section with respect to a person.

Ind. Code § 35-48-4-12.

We first note that this interlocutory appeal is premature, which affects our ability to consider this appeal. Here, Graffenread relies on Indiana Trial Rule 41(B), asserting that a dismissal of his possession of marijuana charge will be considered an adjudication on the merits, precluding prosecution of the dealing in marijuana charge. However, he cites no authority indicating that Trial Rule 41(B) should apply to conditional discharges. In order for this appeal to be ripe, Graffenread must successfully complete the trial court's custody conditions thereby compelling the trial court to dismiss his possession of marijuana charge in compliance with Indiana Code Section 35-48-4-12. We have held that a conditional discharge is functionally equivalent to probation, which may be revoked. Perkins v. State, 715 N.E.2d 1016, 1017 (Ind. Ct. App. 1999). Because Graffenread has not fulfilled those conditions, his conditional discharge may be revoked, and he is not presently entitled to a dismissal.

Graffenread also asserts that the State will run afoul of double jeopardy by further prosecution of the dealing in marijuana charge, if the possession charge is dismissed. In analyzing double jeopardy claims where the same act or transaction violates two distinct

4

statutory provisions, the "same elements" test requires that courts look only to statutory elements of offenses and determine whether each provision requires proof of an additional fact which the other does not. See Richardson v. State, 717 N.E.2d 32, 50 (Ind. 1999) holding modified by Garrett v. State, 992 N.E.2d 710 (Ind. 2013). Here, dealing in marijuana contains an essential element not found in simple possession—the intent to deliver. Possession of marijuana is defined in part as:

> A person who: (1) knowingly or intentionally possesses (pure or adulterated) marijuana, hash oil, hashish, salvia, or a synthetic drug; (2) knowingly or intentionally grows or cultivates marijuana; or (3) knowing that marijuana is growing on the person's premises, fails to destroy the marijuana plants; commits possession of marijuana, hash oil, hashish, salvia, or a synthetic drug, a Class A misdemeanor.

I. C. § 35-48-4-11. Dealing in marijuana is defined in part as:

> A person who: (1) knowingly or intentionally: (A) manufactures; (B) finances the manufacture of; (C) delivers; or (D) finances the delivery of; marijuana, hash oil, hashish, salvia, or a synthetic drug, pure or adulterated; or (2) possesses, with intent to: (A) manufacture; (B) finance the manufacture of; (C) deliver; or (D) finance the delivery of; marijuana, hash oil, hashish, salvia, or a synthetic drug, pure or adulterated; commits dealing in marijuana, hash oil, hashish, salvia, or a synthetic drug, a Class A misdemeanor.

I. C. § 35-48-4-10.

Graffenread's contention may be restated as collateral estoppel, which is not the same as double jeopardy but rather is embodied within the protection against double jeopardy. Garrett, 992 N.E.2d at 720. Collateral estoppel precludes the government from using certain facts already decided by a jury's acquittal in a prior trial to establish the facts of a crime in relitigation. See id. Graffenread points out that both charges include the

knowing possession of marijuana as elements and claims that the State will not be able to relitigate those facts after he completes the conditions of his conditional discharge. Even if Graffenread eventually has his possession of marijuana charge dismissed, seeking a conviction for dealing in marijuana will invoke neither the double jeopardy clause nor collateral estoppel. Double Jeopardy is designed to prevent retrial for the "same offense." Here, there has been no trial and no acquittal as evidenced by the fact that the statutory conditional discharge requires a plea of guilty to the offense being discharged. A defendant cannot plead guilty to a lesser offense and then claim double jeopardy bars prosecution for a greater offense. See Moore v. State, 882 N.E.2d 788, 793-94 (Ind. Ct. App. 2008). Furthermore, the dealing in marijuana offense is not the same offense as possession of marijuana because it contains the additional essential element of the intent to deliver.

We conclude that the language of Indiana Code Section 35-48-4-12 is clear and unambiguous on its face and does not run afoul of double jeopardy or collateral estoppel. We therefore must not expand or restrict what the statute clearly and plainly expresses. The statute's conditional deferment and dismissal clearly applies only to first time offenders who are charged with possession of marijuana, hashish, salvia, or a synthetic drug. There is no language within the statute to indicate that the legislature intended to include within the statute greater offenses that might include possession as an element. The legislature chose to allow leniency for some drug possession charges, but not drug dealing charges.

**Conclusion**

6

The language of Indiana Code Section 35-48-4-12 is clear and unambiguous on its face and does not run afoul of double jeopardy or collateral estoppel protections. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.