## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jay A. Rigdon
Rockhill Pinnick LLP
Warsaw, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adrian P. Crisostomo,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 30, 2016

Court of Appeals Case No.
43A03-1512-CR-2377

Appeal from the Kosciusko
Superior Court

The Honorable David C. Cates,
Judge

Trial Court Cause No.
43D01-1505-F6-268

**Najam, Judge.**

# Statement of the Case

Adrian P. Crisostomo appeals his conviction for failure to register as a sex or violent offender, a Level 6 felony, following a bench trial. Crisostomo raises a single issue for our review, which we restate as whether he was required to report his change in employment in Elkhart County to Kosciusko County, which was the county of his principal residence, pursuant to Indiana Code Sections 11-8-8-7 and 11-8-8-8.

We affirm.

# Facts and Procedural History

On December, 16, 2014, the court required Crisostomo to register for life as a sexually violent predator. On December 22, Crisostomo registered with the Sheriff's Department in Kosciusko County, which was the county of his principal residence.[1] He listed his employer as AutoZone in Elkhart County. Crisostomo signed a form acknowledging that he would notify the Kosciusko County Sheriff's Department of any change in employment. Crisostomo's last day of employment at AutoZone was March 30, 2015. On April 6, Crisostomo began working for Dexstar Wheel located in Elkhart County. However, Crisostomo did not report this change to the Kosciusko County Sheriff's Department until May 4, more than one month later. As a result, the State

---

[1] The parties agree that Crisostomo was also required to register as a sex offender in Elkhart County, the county where he was then employed, which Crisostomo did.

charged Crisostomo with failure to register under the sex offender statute, a Level 6 felony. After a bench trial, the court found Crisostomo guilty as charged. This appeal ensued.

## Discussion and Decision

[4] Crisostomo contends that the trial court erred when it found him guilty for failing to register because the court ignored the plain meaning of Indiana Code Sections 11-8-8-7 and 11-8-8-8 (2014).[2] Statutory interpretation is a question of law that is to be determined *de novo*. *N.L. v. State*, 989 N.E.2d 773, 777 (Ind. 2013). Our goal in statutory interpretation is to give effect to the legislature's intent. *Id.* "'If a statute is clear and unambiguous, courts do not apply any rules of construction other than giving effect to the plain and ordinary meaning of the language.'" *Id.* (quoting *Sloan v. State*, 947 N.E.2d 917, 922 (Ind. 2011)). "However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent." *Maynard v. State*, 859 N.E.2d 1272, 1274 (Ind. Ct. App. 2007), *trans. denied*.

---

[2] The State contends that "[t]he essence of Defendant's argument is that the 'facts stated do not constitute an offense.'" Appellee's Br. at 6. And the State maintains that Crisostomo has "waived his claim" because, under Indiana Code Section 35-34-1-4, Crisostomo was required to file a motion to dismiss, which he did not do. *Id.* However, in his brief on appeal, Crisostomo is *not* alleging that the facts in the information do not constitute an offense; rather, he contends that the facts stated are not true. Therefore, he was not required to file a motion to dismiss, and the State's contention of waiver is without merit. *State v. Gill*, 949 N.E.2d 848, 850 (Ind. Ct. App. 2011), *trans denied.*

[5] We reject Crisostomo's argument and hold that the language of the statute is clear and unambiguous. Indiana Code Section 11-8-8-7(a) specifies *who* must register as a sexually violent predator. Subsection 7(a)(1) requires persons who reside in Indiana to register; subsection 7(a)(2) requires persons working in Indiana to register; and subsection 7(a)(3) requires persons attending school in Indiana to register. And Indiana Code Section 11-8-8-7(b) specifies *where* a sex offender must register. Under subsection 7(b), a sex or violent offender who must register under subsection 7(a)(1) shall register in the county where he resides. Under subsection 7(c), a sex or violent offender who must register under subsection 7(a)(2) shall register in the county where he works. And if a sex offender is required to register under *both* 7(a)(1) and 7(a)(2), then he shall register in *both* the county in which he resides and the county in which he works. Ind. Code § 11-8-8-7(b) (emphases added) (If offender required to register under 7(a)(1) "is *also* required to register under subsection 7(a)(2) or 7(a)(3)," he "shall *also* register with the local law enforcement agency in the county" where he works or goes to school.); Ind. Code § 11-8-8-7(c) (emphases added) (Offender required to register under 7(a)(2) "is *also* required to register under subsection 7(a)(1) or 7(a)(3)," and "shall *also* register with the local law enforcement agency in the county" where he resides.).

[6] Indiana Code Section 11-8-8-8(a) specifies *what* information a sex or violent offender must provide upon registration. Most notably, subsection 8(a)(3) requires a sex or violent offender to provide "the name and address of each of [his] employers in Indiana" if he is required to register under subsection 7(a)(2).

And subsection 8(c) provides that, "[i]f the information described in subsection (a) changes, the sex or violent offender shall report in person to the local law enforcement authority having jurisdiction over [his] principal address not later than seventy-two (72) hours after the change and submit the new information to the local law enforcement body."

[7] Crisostomo argues that he was only required to register under subsection 7(a)(1), as a resident of Indiana, and that he was not required to register under subsection 7(a)(2), as a person working in Indiana. That is, he interprets Section 11-8-8-7 such that he cannot be required to register under both subsections 7(a)(1) and 7(a)(2). Thus, he claims he was not required to provide the Kosciusko County Sheriff's Department with his updated employment information pursuant to subsection 8(a)(3) and (c) because he was not required to register under 7(a)(2).

[8] We cannot agree. First, the statute plainly states that a sex or violent offender may have to register under more than one subsection. For example, Indiana Code Section 11-8-8-7(b) states, "[i]f the sex or violent offender is *also* required to register under subsection (a) (2) or (a) (3), the sex or violent offender shall *also* register with the local law enforcement authority in the county in which the offender is required to register under subsection (c) or (d)." (Emphases added.) Second, Indiana Code Section 11-8-8-8(c) states, "[i]f the information described in subsection (a) changes, the sex or violent offender shall report in person to the local law enforcement authority having jurisdiction over the sex or violent offender's *principal address* not later than seventy-two (72) hours after the

change. . . ." (Emphasis added.) Therefore, under the plain language of the statute, Crisostomo was required to submit his change in employment information to the Kosciusko County Sheriff's Department within seventy-two hours of the change having occurred.

[9] Moreover, we agree with the State that Crisostomo's proffered interpretation of the statute would lead to an absurd result. "We review the statute as a whole and presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results." *State v. Prater*, 922 N.E.2d 746, 748 (Ind. Ct. App. 2010), *trans. denied*. The purpose of the statute is to notify the community for its safety. *N.L.*, 989 N.E.2d at 778. Yet, under Crisostomo's interpretation, the county where he lives would not know where he works and his community would not have proper notice of his whereabouts. We do not accept that interpretation. Accordingly, we affirm Crisostomo's conviction.

[10] Affirmed.

Robb, J., and Crone, J., concur.