

FILED

Aug 02 2016, 5:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Adam J. Sedia
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Wallace Irvin Smith, III, <br> *Appellee-Defendant.* | August 2, 2016 <br><br> Court of Appeals Case No. <br> 45A05-1507-CR-945 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Clarence D. Murray, Judge <br><br> Trial Court Cause No. <br> 45G02-0002-CF-24 |

**May, Judge.**

[1] The State appeals the grant of Wallace Irvin Smith, III's petition for alternative misdemeanor sentencing. The State presents two issues for our review, which we restate as:

> 1. Whether the trial court had authority to modify Smith's sentence under Ind. Code § 35-50-2-7(d) (2014); and
>
> 2. Whether the language of Smith's plea agreement precluded the trial court from modifying his conviction of Class D felony theft to a Class A misdemeanor.

[2] Ind. Code § 35-50-2-7(d) (2014) permits the trial court to modify Smith's sentence and the language of Smith's plea agreement did not preclude it. We affirm.

## Facts and Procedural History

[3] On July 18, 2000, Smith agreed to plead guilty to Class D felony theft.[1] His plea agreement provided, among other things, that Smith would be "precluded from asking for Misdemeanor treatment in this cause[.]" (Appellant's App. at 8.) On October 31, 2000, the trial court accepted the agreement, entered a conviction of Class D felony theft, and sentenced Smith to one year probation. The court discharged Smith from probation on June 13, 2002.

---

[1] Ind. Code § 35-43-4-2(a) (1998).

On May 26, 2015, Smith asked the trial court to convert his conviction of Class D felony theft to a Class A misdemeanor under Ind. Code § 35-50-2-7(d) (2014). Over the State's objection, the trial court granted Smith's petition, vacated his conviction of Class D felony theft, and entered the conviction as a Class A misdemeanor.

## Discussion and Decision

### I. Application of Ind. Code § 35-50-2-7(d) (2014)

Ind. Code § 35-50-2-7(d) (2014) provides, in relevant part:

> [T]he sentencing court may convert a Class D felony conviction (for a crime committed before July 1, 2014) or a Level 6 felony conviction (for a crime committed after June 30, 2014) to a Class A misdemeanor conviction if, after receiving a verified petition as described in subsection (e) and after conducting a hearing of which the prosecuting attorney has been notified, the court makes the following findings:[2]
>
> (1) The person is not a sex or violent offender (as defined in IC 11-8-8-5).
>
> (2) The person was not convicted of a Class D felony (for a crime committed before July 1, 2014) or a Level 6 felony (for a

---

[2] The parties stipulated Smith met the requirements to be set forth in the findings required by statute, but the trial court's original order did not include any findings. In an Order issued June 3, 2016, we directed the trial court to issue findings accordingly. It did so on June 20, 2016. As the parties stipulated Smith met the requirements, we need not review the evidence supporting the court's order.

crime committed after June 30, 2014) that resulted in bodily injury to another person.

(3) The person has not been convicted of perjury under IC 35-44.1-2-1 (or IC 35-44-2-1 before its repeal) or official misconduct under IC 35-44.1-1-1 (or IC 35-44-1-2 before its repeal).

(4) At least three (3) years have passed since the person:

    (A) completed the person's sentence; and

    (B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D or Level 6 felony.

(5) The person has not been convicted of a felony since the person:

    (A) completed the person's sentence; and

    (B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D or Level 6 felony.

(6) No criminal charges are pending against the person.

(Footnote added.) The State argues the trial court did not have the authority to apply Ind. Code § 35-50-2-7(d) (2014) retroactively in order to modify Smith's conviction to a Class A misdemeanor. As the statutory language indicates the

legislature intended that section to apply retroactively, the trial court did not exceed its authority.

[6]     Our standard of review when interpreting statutes is well-settled:

> A question of statutory interpretation is a matter of law to be determined *de novo*. *Leeth v. State*, 868 N.E.2d 65, 67 (Ind. Ct. App. 2007) (citing *Maynard v. State*, 859 N.E.2d 1272, 1274 (Ind. Ct. App. 2007), *trans. denied*). We are not bound by the trial court's legal interpretation of a statute and need not give it any deference. *Id*. We independently determine the statute's meaning and apply it to the facts before us, using the express language of the statute and following the rules of statutory construction. *Id*. "Where the language of the statute is clear and unambiguous, there is nothing to construe; however where the language is susceptible to more than one interpretation, the statute must be construed to give effect to the legislature's intent." *Id*. at 67-68. We presume that the legislature intended the language to be applied logically and not to bring about an unjust or absurd result. *Id*. at 68.

*Recker v. State*, 904 N.E.2d 72, 26 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied*. "Statutes are to be given prospective effect only, unless the legislature unequivocally and unambiguously intended retrospective effect[.]" *State v. Pelley*, 828 N.E.2d 915, 919 (Ind. 2005).

[7]     Beginning in 1998, Ind. Code § 35-50-2-7(b)[3] provided the trial court could "enter judgment of conviction of a Class A misdemeanor and sentence

---

[3] The 1998 and 2005 versions of Ind. Code § 35-50-2-7(b) contained the same language.

accordingly" if a person "has committed a Class D felony." In *State v. Brunner*, our Indiana Supreme Court held, regarding that statutory language,

> the intent of the legislature in granting authority to the trial courts to reduce a Class D felony to a Class A misdemeanor was limited to the moment the trial court first entered its judgment of conviction and before the trial court announced its sentence. The Court of Appeals correctly ruled that the language of the statute itself described the specific timeframe codified for this action was after the finding of a Class D felony but before the pronouncement of a sentence, "the court may enter judgment of conviction . . . *and* sentence accordingly." I.C. § 35-50-2-7(b) (emphasis added). The judgment of conviction is entered first, and then the sentence is handed down. The legislature has not granted the trial court the authority to modify the conviction at any time other than while delivering the sentence.

947 N.E.2d 411, 416 (Ind. 2011), *reh'g denied*. The *Brunner* Court noted: "Although it may be equitable and desirable for the legislature to give a trial court discretion in modifying a conviction years later for good behavior, we recognize at this time the legislature has not given any such authority." *Id*. at 417.

[8]     In 2012, the legislature added subsection (c), which provided in relevant part:

> [T]he sentencing court may convert a Class D felony conviction to a Class A misdemeanor conviction if, after receiving a verified petition as described in subsection (d) and after conducting a hearing of which the prosecuting attorney has been notified, the court makes [certain findings.]

Ind. Code § 35-50-2-7(c) (2012). When considering the meaning of that language, we determined: "It seems clear that the General Assembly has adopted a policy wherein trial courts can reward good behavior by removing the stigma of certain Class D felony convictions." *Alden v. State*, 983 N.E.2d 186, 189 (Ind. Ct. App. 2013), *trans. denied*. Thus, under the new statute, trial courts were permitted to modify convictions and sentences that had already been entered.

[9] In 2014, when the legislature again amended the statute, it used language virtually identical to that in Ind. Code § 35-50-2-7(c) (2012), which we had interpreted in *Alden*. The only difference is additional language to include the new felony level structure enacted as part of the 2014 revision of the Indiana criminal code. Thus, the legislative intent is the same - to allow a person convicted of certain Class D felonies to petition the court, after sentencing, to convert the Class D felony to a Class A misdemeanor. *See King v. Harris*, 140 Ind. App. 9, 19, 212 N.E.2d 387, 392 (1965) ("Adherence to administrative and judicial interpretations of legislative enactments without subsequent legislative action dealing specifically with the subject matter so interpreted raises the presumption of legislative acquiescence in said interpretations."), *reh'g denied*. Because the legislature intended Ind. Code § 35-50-2-7(d) (2014) to apply retroactively, the trial court had authority to modify Smith's sentence.

## II. Preclusion of Modification Based on Terms of Plea Agreement

[10] Smith's plea agreement provided: "As a part of this plea agreement [Smith] agrees that he will be precluded from asking for Misdemeanor [sic] treatment in this cause[.]" (Appellant's App. at 8.) The State argues the clause waives Smith's right to seek a sentence modification under Ind. Code § 35-50-2-7(d) (2014) because the terms of the plea agreement are binding. As the language of the plea agreement forecloses only those remedies known at the time the agreement was entered, the terms of the plea agreement did not preclude Smith's sentence modification under Ind. Code § 35-50-2-7(d) (2014) because that section did not exist when the agreement was made.

[11] Our standard of review of plea agreements is well-settled:

> A plea agreement is contractual in nature, binding the defendant, the state, and the trial court. The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: If the court accepts the plea agreement, it shall be bound by its terms. As such, we will look to principles of contract law when construing plea agreements to determine what is reasonably due to the defendant.

> The primary goal of contract interpretation is to give effect to the parties' intent. When the terms of a contract are clear and unambiguous, they are conclusive of that intent, and the court will not construe the contract or look to extrinsic evidence. Rather, we will merely apply the contractual provisions. Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms. Instead, ambiguity will be found in a contract only if

> reasonable people would find the contract subject to more than one construction. We construe any contract ambiguity against the party who drafted it, which, in the case of plea agreements, is the State.

*Valenzuela v. State*, 898 N.E.2d 480, 482-83 (Ind. Ct. App. 2008) (citations omitted), *trans. denied*. If a term or provision is ambiguous, "we will construe [it] to determine and give effect to the intent of the parties at the time they entered into the contract." *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012) (quoting *George S. May Int'l Co. v. King*, 629 N.E.2d 257, 260 (Ind. Ct. App. 1994), *trans. denied*), *reh'g denied*.

[12]   One term of Smith's plea agreement was: "As a part of this plea agreement the defendant agrees that he will be precluded from asking for Misdemeanor treatment in this cause." (Appellant's App. at 8.) The term "Misdemeanor treatment" is not defined, nor is a statute cited to explain the term. The parties disagree as to its meaning, and the trial court said, after hearing the arguments of both parties, "I think you're both right here." (Tr. at 9.) The term "Misdemeanor treatment" is ambiguous. *See Niccum v. Niccum*, 734 N.E.2d 637, 6379 (Ind. Ct. App. 2000) (provision of settlement contract ambiguous because it was not expressed in clear terms). Thus, we consider the intent of the parties at the time they entered into the plea agreement. *See Citimortgage*, 975 N.E.2d at 813 (if ambiguity exists, appellate court considers the intent of the parties at the time they entered the agreement).

[13]     In 2000, when Smith entered his plea agreement, the legislature had "not granted the trial court the authority to modify the conviction at any time other than while delivering the sentence." *Brunner*, 947 N.E.2d at 416. Thus, the only "Misdemeanor treatment" available at the time of Smith's plea agreement was to change his Class D felony conviction to a Class A misdemeanor *during* sentencing.[4]

[14]     As a trial court could not have changed a Class D felony to a Class A misdemeanor after sentencing at the time the plea agreement was entered, the parties could not have contemplated the term "Misdemeanor treatment" could mean conversion after the original sentencing. *See* Ind. Code § 35-50-2-7(d) (enacted in 2014; similar language set forth in Ind. Code § 35-50-2-7(c) (2012)); *and see* Ind. Code § 35-38-1-1.5 (enacted in 2003; allows trial court to convert Class D felony conviction to a Class A misdemeanor conviction under certain circumstances). Therefore, Smith's plea agreement did not preclude converting his felony conviction to a misdemeanor at the time he petitioned the trial court.

# Conclusion

[15]     The trial court had authority under Ind. Code § 35-50-2-7(d) (2014) to convert Smith's felony conviction to a misdemeanor because the legislature intended

---

[4] Other terms of the plea agreement support our determination "Misdemeanor treatment" referred to sentencing; the term is sandwiched between two other sentence-related provisions - that the parties were free to argue regarding the sentence and that the court would impose restitution.

such conversion could be done after sentencing. The terms of Smith's plea agreement do not preclude the conversion because conversion after sentencing could not have been contemplated by the parties when they entered the agreement. Accordingly, we affirm.

[16] Affirmed.

Najam, J., and Riley, J., concur.